Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| WINOC ROBLES Y WINDA LUGO<br><br>Recurridos<br><br><br>EX PARTE<br><br><br>HÉCTOR y CARMEN LEDEY VELÁZQUEZ<br><br>Peticionarios | **KLCE202400037** | *Certiorari* procedente del Tribunal de Primera Instancia, Centro Judicial de Ponce, Sala Superior de Yauco<br><br>Caso Núm.: YU2022CV00074<br><br>Sobre: Expediente de Dominio |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de marzo de 2024.

Comparece ante este foro el Sr. Héctor Ledey y la Sra. Carmen Ledey (Peticionarios) mediante recurso de *certiorari* presentado el 10 de enero de 2024. Solicitan la revisión de una *Resolución* notificada el 29 de diciembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Yauco. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* a la *Moción de Desestimación* presentada por los peticionarios.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** el auto de *certiorari* solicitado.

### I.

El 22 de febrero de 2022, el Sr. Winoc Robles y la Sra. Wanda Lugo (Recurridos) presentaron una *Petición* de Expediente de Dominio.[1] En esta, solicitaron que se declarara justificado a su favor el dominio de la

---

[1] Véase, *Petición*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

propiedad objeto de la presente controversia, la cual se encuentra ubicada en Peñuelas, Puerto Rico. Adujeron que, han vivido por más de 30 años en concepto de dueños, y que tampoco se encontraba inmatriculada en el Registro de la Propiedad. Añadieron que, desconocían quienes eran los dueños anteriores de la propiedad. Así las cosas, le solicitaron al foro primario expidiera una *Orden y Edicto* para que pudieran proceder con su publicación conforme a derecho y así notificar a las personas ignoradas o ausentes, a quienes pudiera perjudicar la inscripción solicitada y a otros posibles dueños para que puedan presentar sus alegaciones dentro del término establecido por Ley. Finalmente, solicitaron que una vez se cumplieran con los requisitos, trámites y términos dispuestos en Ley, se declarara con lugar la petición solicitada o fuera señalada una vista para que pudieran desfilar la prueba necesaria.

Posteriormente, el 10 de mayo de 2022, el foro primario notificó una *Orden Admitiendo el Expediente*,[2] mediante la cual dispuso lo siguiente:

> Luego de este Tribunal haber examinado el Escrito Inicial que antecede y aduciendo méritos para ello, admite esta información y ordena que se cite personalmente, por correo certificado o por edicto al Fiscal de Distrito, al Secretario del Departamento de Transportación y Obras Públicas de Puerto Rico y a las personas que estén en posesión de los predios colindantes y se comunique a las personas ignoradas, a quienes pueda perjudicar la inscripción solicitada, por medio de edictos que se publicarán en un periódico de circulación general diaria en Puerto Rico, por tres (3) veces y en un periodo de veinte (20) días, identificando en letras negrillas, tipo 10 puntos, toda primera mención de persona natural o jurídica que se mencione en el

---

[2] Véase, *Orden Admitiendo el Expediente*, entrada núm. 6 en SUMAC.

mismo y que se practique la prueba documental ofrecida.

Las personas ignoradas a quienes pueda perjudicar la petición tendrán un plazo improrrogable de 20 días, contados desde la última fecha de publicación del edicto, para comparecer a alegar lo que en derecho les convenga.

A su vez, en la misma fecha, expidió una *Orden* autorizando el emplazamiento por edicto de los demandados desconocidos.[3] Por consiguiente, fueron expedidas las citaciones y el emplazamiento por edicto.

Así las cosas, el 2 de junio de 2022, los peticionarios comparecieron mediante *Moción Asumiendo Representación Legal y Solicitando Prórroga para presentar Moción de Desestimación*.[4] En síntesis, manifestaron que son hermanos de la Sra. María Antonia Ledey Velázquez, una de las colindantes citadas.

Luego de varias incidencias procesales, el 16 de septiembre de 2022, los peticionarios presentaron *Moción Solicitando Desestimación de Petición*.[5] En esencia, alegaron que la propiedad cuya inmatriculación los recurridos solicitan, le pertenecía a su abuela, y que hoy en día le pertenece a la sucesión de esta. A su vez, arguyeron que los recurridos por varios años han tratado de usurpar los terrenos de la sucesión. Añaden que, el señor Winoc Robles no menciona que su segundo apellido es "Ledey", siendo altamente cuestionable, como tampoco que la colindante identificada como María Antonia Ledey era su madre. Por lo tanto, solicitaron la desestimación de la petición, porque el procedimiento

---

[3] Véase, *Orden*, entrada núm. 7 en SUMAC.
[4] Véase, *Moción Asumiendo Representación Legal y Solicitando Prórroga para presentar Moción de Desestimación*, entrada núm. 16 en SUMAC.
[5] Véase, *Moción Solicitando Desestimación de Petición*, entrada núm. 29 en SUMAC.

correcto era mediante la presentación de una demanda de división de bienes hereditarios.

En respuesta, el 21 de octubre de 2022, los recurridos presentaron *Oposición a Moción de Desestimación*.[6] Mediante esta, alegaron que cumplieron con todos los requisitos que la ley impone para un expediente de dominio, incluyendo la citación de los colindantes. Finalmente, arguyeron que los peticionarios no habían presentado evidencia documental o demostrativa de que poseyeran algún derecho sobre el predio objeto del caso. De igual forma, las partes presentaron una réplica y una dúplica.

Estando pendiente de resolverse las mociones dispositivas, los recurridos solicitaron que el caso se convirtiera en uno de naturaleza ordinaria.[7] Sin embargo, los peticionarios presentaron su oposición.[8] El 9 de noviembre de 2022, el foro primario atendió las mociones pendientes, y entre ellas denegó la moción de desestimación y, ordenó la conversión a trámite ordinario.

Luego de múltiples incidencias procesales, el 1 de diciembre de 2023, los peticionarios presentaron *Moción Solicitando Desestimación de la Petición por Falta de Notificación a Colindantes.*[9] Mediante esta, sostuvieron que los recurridos no presentaron prueba de las citaciones diligenciadas a los colindantes, ni que fueron notificados o emplazados mediante edicto dentro

---

[6] Véase, *Oposición a Moción de Desestimación*, entrada núm. 36 de SUMAC.

[7] Véase, *Moción Solicitando Conversión al amparo del Artículo 191 de la Ley Número 210 del 8 de diciembre de 2015*, entrada núm. 40 en SUMAC.

[8] Véase, *Moción en Oposición a Moción Solicitando Conversión […]*, entrada núm. 41 en SUMAC.

[9] *Moción Solicitando Desestimación de la petición por Falta de Notificación a Colindantes*, anejo III págs. 3-7 del apéndice del recurso.

del término de 120 días. Por lo tanto, solicitaron la desestimación de la petición por falta de notificación.

Por su parte, el 6 de diciembre de 2023, los recurridos presentaron su oposición a la moción de desestimación.[10] En esencia, expresaron que las partes interesadas fueron debidamente citadas, y los demás interesados, desconocidos o los que se ignoraba su paradero, fueron citados mediante la publicación de un edicto, conforme lo requiere el Artículo 185 de la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico* (Ley Núm. 210-2015). Añadieron que, dicha Ley no dispone que la notificación sea por emplazamiento, sino por citación. De igual forma, reiteraron que, desde el 9 de mayo de 2022, el foro primario declaró *Ha Lugar* la moción solicitando emplazamientos por edicto y ordenó la expedición de las citaciones según requiere la Ley. Manifestaron que, mediante la publicación de los edictos, quedaron notificados todas las personas que pudieran tener algún derecho en la propiedad, personas ignoradas y en general toda persona que interesara oponerse. Por consiguiente, sostuvieron que no procedía la moción de desestimación.

En respuesta, el 18 de diciembre de 2023, los peticionarios presentaron una moción, mediante la cual reiteraron que no fueron emplazados por edicto, conforme requiere la Regla 4.6 de Procedimiento Civil.[11] Arguyeron que, si la emplazadora no logró emplazarlos personalmente debieron haber solicitado permiso al foro primario para emplazarlos por edicto.

---

[10] *Oposición a Desestimación*, anejo IV págs. 8-15 del apéndice del recurso.
[11] *Moción en Oposición a Desestimación*, anejo V págs. 16-17 del apéndice del recurso.

Así las cosas, el 29 de diciembre de 2023, el foro primario notificó una *Orden*, mediante la cual declaró *No Ha Lugar* la moción de desestimación presentada por los peticionarios. [12] Determinó que la parte recurrida había cumplido con la notificación requerida por el Artículo 185 de la Ley Núm. 210-2015.

Inconforme, los peticionarios presentaron el recurso que nos ocupa y señalaron el siguiente error:

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DETERMINAR QUE SE CUMPLIÓ CON LA NOTIFICACIÓN REQUERIDA POR EL ARTÍCULO 185 DE LA LEY 210-2015.

Asimismo, los peticionarios presentaron Moción Auxilio de Jurisdicción. El 11 de enero de 2024, notificamos una *Resolución* declarando *No Ha Lugar* dicha moción. A su vez, ordenamos a la parte recurrida a exponer su posición en siete (7) días, contados desde la fecha de presentación del recurso.

El 12 de enero de 2024, la parte recurrida presentó Moción *de Prórroga para Presentar Oposición*.

Sin embargo, debido a que ya transcurrió el término dispuesto en nuestro Reglamento para que la parte recurrida presentara su alegato en oposición sin que este presentara alguna comparecencia, declaramos perfeccionado el recurso de autos. Consecuentemente, procedemos a disponer de este, sin el beneficio de la comparecencia escrita de la parte recurrida.

**II.**

**-A-**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para

---

[12] *Orden*, anejo I, pág. 1 del apéndice del recurso.

revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Es decir, cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo." Regla 52.1 de Procedimiento Civil, *supra*.

Asimismo, dispone los supuestos en que este foro intermedio podrá revisarlas, con carácter discrecional y a manera de excepción, en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional; a saber, si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. Así también, debemos tomar en consideración si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por parte del foro primario.

También examinaremos si el asunto planteado exige consideración más detenida a la luz de los autos originales o de alegatos más elaborados, o si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. Finalmente, debemos analizar si la expedición del auto solicitado evita un fracaso de la justicia. Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**–B–**

El expediente de dominio es un procedimiento especial provisto por la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico*, Ley Núm. 210-2015, según enmendada, 30 LPRA secs. 6291-6298. El cual, permite que todo propietario que carezca de título inscribible de dominio pueda proceder con la inscripción de dicho dominio. *Sánchez González v. Registrador*, 106 DPR 361 (1977). Dicho procedimiento se trata de un procedimiento judicial *ex parte*, que no declara derechos, sino que justifica el dominio del promovente. Es un "acto de jurisdicción voluntaria, mientras no se suscite contienda entre partes conocidas y determinadas." *Benítez v. Registrador*, 71 DPR 563, 568 (1950). Por tanto, el juez solamente está facultado para declarar justificado o no el dominio de los bienes. L. Rivera Rivera, *Derecho Registral Inmobiliario Puertorriqueño*, 2da ed., San Juan, Jurídica Editores, 2002, pág. 342. A su vez,

Es decir, si durante el procedimiento de expediente de dominio, surge una controversia sobre la validez del título o de los derechos dominicales del peticionario, la misma deberá dilucidarse en el propio expediente de dominio perdiendo así su naturaleza *ex parte* y convirtiéndose en un juicio contencioso. Rivera Rivera, *op cit.*, pág. 347, citando a *Ríos v. Tribunal Superior*, 77 DPR 79, 83 (1954). Sobre esto, el Artículo 191 de la Ley Núm. 210-2015, dispone que "[e]n caso de que una de las personas citadas se oponga a la acreditación del título propuesto por el solicitante y alegue que tiene un mejor derecho que el promovente, se entenderá

convertido el procedimiento de expediente de dominio en un juicio contencioso ordinario." 30 LPRA sec. 6297.

Por otro lado, el Artículo 185 de la precitada Ley dispone que todo propietario que carezca de título inscribible de dominio, podrá inscribirlo, si cumple con ciertos requisitos. 30 LPRA sec. 6291. En particular, sobre el fin de procurar la inmatriculación de una finca que no consta inscrita, el artículo establece, entre otras cosas, que la parte promovente:

> 1. Presentará un escrito jurado en la sala del Tribunal de Primera Instancia correspondiente al lugar en que radiquen los bienes, o en la de aquél en que radique la porción de mayor cabida cuando se trate de una finca que radique en varias demarcaciones territoriales. […]
>
> 2. El promovente notificará personalmente o por correo certificado con copia de su escrito a los siguientes:
>     a. Alcalde del municipio en que radiquen los bienes.
>
>     b. Secretario de Transportación y Obras Públicas.
>
>     c. Fiscal de Distrito.
>
>     d. Las personas que están en la posesión de las fincas colindantes.
>
> El tribunal ordenará la citación personal de los siguientes:
>     a. El inmediato anterior dueño o sus herederos si fueren conocidos en caso de no constar en escritura pública la transmisión. Se entenderá como inmediato anterior dueño, en el caso de que los promoventes sean herederos, aquel de quien el causante adquirió la propiedad.
>
>     b. Los que tengan cualquier derecho real sobre la finca objeto del procedimiento.
>
> El tribunal ordenará la citación mediante edicto de los siguientes:
>     a. Las personas ignoradas o desconocidas a quienes pueda perjudicar la inscripción solicitada.
>
>     b. Los que están ausentes, pero de no estarlo debían ser citados en persona y cuyo paradero se desconoce al tiempo de hacerse la primera publicación del edicto

se les enviará copia de la citación por correo certificado y con acuse de recibo, a su última dirección conocida. Si se ignora su paradero y así queda probado, se les citará exclusivamente mediante el referido edicto.

3. Forma, plazo y contenido del edicto:
El edicto se publicará en tres (3) ocasiones dentro del término de veinte (20) días en un periódico de circulación general diaria en Puerto Rico, a fin de que comparezcan si quieren alegar su derecho.

Deberá contener la descripción de la finca que será objeto de inmatriculación y de tratarse de una finca agrupada, las descripciones de las fincas que la comprenden.

En el plazo improrrogable de veinte (20) días a contar de la fecha de la última publicación del edicto, los interesados y/o las partes citadas, o en su defecto los organismos públicos afectados, podrán comparecer ante el tribunal, a fin de alegar lo que en derecho proceda.

4. La intervención del Secretario de Transportación y Obras Públicas, o en su defecto, de los organismos públicos afectados, se limitará a mantener la defensa de cualesquiera derechos existentes a favor del Estado. La intervención del alcalde del municipio en que radiquen los bienes, se limitará a mantener la defensa de cualesquiera derechos existentes a favor del municipio que se trate. El Ministerio Fiscal velará, además, por el debido cumplimiento de la ley. […]. 30 LPRA sec. 6291.

En cuanto a los requisitos dispuestos por la Ley Núm. 210-2015, se ha dispuesto que los mismos son de cumplimiento estricto. *Sucesión Melenez v. Almodovar*, 70 DPR 527 (1949). Por lo tanto, "[t]ranscurrido el término de veinte (20) días después de la publicación del edicto, a petición del promovente, el tribunal celebrará una vista para atender las reclamaciones y pruebas que se presenten." Art. 187 de la Ley Núm. 210-2015, 30 LPRA sec. 6293. Posteriormente, si no surge una oposición, el promovente presentará la prueba que

acredite el cumplimiento de los requisitos antes mencionados. *Íd.* Así las cosas, y satisfechos los requisitos, "[e]l tribunal, en vista de lo alegado por el promovente y los demás interesados, y evaluando las pruebas presentadas, declarará sin más trámites si está justificado el dominio sobre los bienes objetos del procedimiento." *Íd.*

Emitida la determinación del foro judicial en cuanto a si se justificó o no el dominio, "[e]l promovente, el Fiscal, el Alcalde, el Secretario de Transportación y Obras Públicas o cualquier otro organismo público afectado, y los demás interesados, podrán recurrir contra la resolución que dicte el tribunal." Art. 188 de la Ley Núm. 210-2015, 30 LPRA sec. 6294).

### III.

En el caso de autos, los peticionarios alegan que incidió el foro primario al determinar que los recurridos cumplieron con la notificación requerida conforme al Artículo 185 de la Ley Núm. 210-2015.

Sin embargo, luego de examinar el recurso presentado y la totalidad del expediente en el *Sistema Unificado de Manejo y Administración de Casos*, concluimos que el presente caso no satisface los requisitos de la Regla 40 de nuestro Reglamento, *supra*, por lo que procedemos a denegar el auto solicitado.

Surge de la Resolución recurrida que el foro *a quo* denegó la solicitud de desestimación por entender que cumplieron con la notificación requerida por el Artículo 185 de la Ley Núm. 210-2015. Cónsono con lo anterior, entendemos que no abusó de su discreción el foro de

instancia, por lo tanto, no se justifica nuestra intervención en esta etapa de los procedimientos.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** el auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones